UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION § | |
| OF DAVID AND COLLEEN, INC., as § | |
| Owner of the Towing Vessel DAVID AND § | CIVIL ACTION NO. H-04-1176 |
| COLLEEN, and TAIRA LYNN, INC., as § | |
| Owner *Pro Hac Vice*, For Exoneration § | |
| From or Limitation of Liability § | |

### MEMORANDUM AND ORDER

Pending before the Court is Claimant Seariver Maritime, Inc.'s ("Seariver") motion for the entry of final judgment against Petitioner Taira Lynn, Inc. ("Taira Lynn"). After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 59, should be and hereby is **GRANTED**.

**I.    BACKGROUND**

This case arises from the March 19, 2004 collision, in the Houston Ship Channel, between the T/V DAVID AND COLLEEN, owned by Petitioner David and Colleen, Inc. ("David and Colleen") and operated by Taira Lynn, and the M/T ST. HELEN, owned by Claimant Seariver.  David and Colleen and subsequently filed this suit for limitation of liability.  This Court ordered the parties to binding arbitration, and, on April 12, 2006, the arbitrator granted Seariver a total award of $578,885.57.  The Court confirmed that award on May 10, 2006, subject to Taira Lynn's potential right to limit its liability under the Limitation of Vessel Owner's Liability Act (the "Act"), 46 U.S.C. §§ 181 *et seq.* Seariver now moves for the entry of judgment against Taira Lynn, on the ground that Taira Lynn is not entitled to a limitation of liability under the Act.

1

## II. ANALYSIS

### A. Judgment Standard

As Taira Lynn points out, Seariver's motion is, in essence, a motion for summary judgment on the issue of limitation of liability. A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 4777 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

### B. Governing Law

The Act provides that "[t]he liability of the owner of any vessel . . . for any loss, damage, or injury by collision . . . shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. app. § 183. "The purpose of the limitation act is to release the ship *owner* from some liability for conduct of the master and other agents of the owner for which these parties were themselves liable." *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485 (5th Cir. 1991) (quoting *In re*

*Brent Towing Co.*, 414 F. Supp. 131, 132 (N.D. Fla. 1975) (internal quotation marks omitted).

The charterer of a vessel may avail itself of this liability limitation if the charter provides that "he shall man, victual, and navigate such vessel at his own expense, or by his own procurement."  46 U.S.C. app. § 186.  Such a charterer is "deemed the owner of such vessel," or the owner *pro hac vice*, for purposes of the Act.  *Id.*  A charter providing that the charterer is to provide the crew and all equipment and to operate the vessel independently of the owner is known as a "bareboat" or demise charter.  *See Walker v. Braus*, 995 F.2d 77m 80 (5th Cir. 1993).

### C.    Seariver's Motion

During his deposition, Taira Lynn's owner and President, Larry LeBoeuf, repeatedly denied that Taira Lynn was a bareboat charterer of the DAVID AND COLLEEN.  (Seariver's Mot. for J., Ex. A, at 10-11.)  He admitted, moreover, that David and Colleen (the company), and not Taira Lynn, employed the crew members of the DAVID AND COLLEEN (Taira Lynn's Resp. to Seariver's Mot. for J., Ex. 1, at 15-16), and that Taira Lynn did the jobs that David and Colleen instructed it to do.  (Seariver's Mot. for J., Ex. A, at 14.)  The DAVID AND COLLEEN's registration with the United States Coast Guard and the Department of Homeland Security lists David and Colleen as both the owner and the managing owner of the vessel.  (*Id.*, Ex. F.)  Seariver argues that all of this evidence establishes that Taira Lynn was not an owner *pro hac vice* of the DAVID AND COLLEEN, as required by the Act for a limitation of liability.

In response, Taira Lynn offers evidence that it, and not David and Colleen, controlled the day-to-day operation of the vessel and collected and disbursed the fees

earned therefrom (Taira Lynn's Resp. to Seariver's Mot. for J., Ex. 1, at 15, 61, 71); that Taira Lynn employees investigated safety conditions and accidents aboard the vessel (*id.* at 24-25, 30, 42-44) and supervised its crew (*id.* at 31); and that Taira Lynn insured the DAVID AND COLLEEN (*id.*, Ex. 3, at 4).

It is evident from the record that David and Colleen (which, like Taira Lynn, is wholly owned by Mr. LeBoeuf and his wife) delegated to Taira Lynn much of the responsibility for the condition and operation of the DAVID AND COLLEEN. Mr. LeBoeuf's disclaimer of any bareboat or demise charter was, however, unequivocal. Moreover, the Fifth Circuit has emphasized that the transfer of control over a vessel's possession, command, and navigation must be complete for a demise charter to exist. *See Walker*, 995 F.2d at 81 (citing *Agrico Chem. Co. v. M/V Ben Martin*, 664 F.2d 85 (5th Cir. 1981)). In this case, Mr. LeBoeuf has admitted that David and Colleen, not Taira Lynn, employed the vessel's crew. Accordingly, the Court finds that Taira Lynn is not entitled to limitation of liability under the Act, and Seariver's motion is therefore **GRANTED** and judgment for Seariver hereby **ENTERED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of July, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**