UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION § | |
| OF DAVID AND COLLEEN, INC., as § | |
| Owner of the Towing Vessel DAVID & § | CIVIL ACTION NO. H-04-1176 |
| COLLEEN, and TAIRA LYNN, INC., as § | |
| Owner *Pro Hac Vice*, For Exoneration § | |
| From or Limitation of Liability § | |

**MEMORANDUM AND ORDER**

Before the Court are the following motions: 1) Motion for Partial Summary Judgment, filed by David & Colleen, Inc., Brave Shipping Limited, and Thenamaris (Ship's Management), Inc.; 2) Motion to Strike, filed by SeaRiver Maritime, Inc.; and 3) Motion to Exclude Testimony of Petitioner's Expert Stefan Wozniak, filed by SeaRiver Maritime, Inc. After considering the parties' filings and the applicable law, the Court finds that the Motion for Partial Summary Judgment, Docket No. 86, should be **GRANTED**. The Motion to Strike, Docket No. 91, should be **DENIED**. The Motion to Exclude Testimony, Docket No. 87, should be **DENIED AS MOOT**.

**I. BACKGROUND**

This limitation of liability case arises from a multi-vessel collision in the Houston Ship Channel.

On March 19, 2004, the vessel David & Colleen ("D&C") was towing two tank barges, M 405 and M 407, on a voyage from Louisiana to Houston. While in the Houston Ship Channel, one of the barges made contact with the Maltese flag vessel M/T St. Helen, which was outbound for sea. Both barges and the M/T St. Helen were damaged. In addition, the collision caused the petroleum derivative cargo being carried on the barge M 407 to spill into the channel.

1

On March 26, 2004, a petition for exoneration from or limitation of liability was filed by David & Colleen, Inc. ("David & Colleen"), a Louisiana corporation and the owner of the D&C, and by Taira Lynn, also a Louisiana corporation and the supposed owner *pro hoc vice* of the D&C. The petition states that the value of the D&C and its equipment was not more than $450,000 at the time of the incident, and that the freight pending for the towage of the barges was not more than $50,000. Therefore, the aggregate value of the D&C and its freight at the end of the voyage on which the collision occurred would not be more than $500,000.

The following parties filed claims against David & Colleen and Taira Lynn arising from the collision: 1) M/T St. Helen; 2) Brave Shipping, the Maltese owner of the M/T St. Helen; 3) Thenamaris (Ship's Management), Inc. ("Thenamaris"), a Greek company that operates and manages the M/T St. Helen; and 4) SeaRiver Maritime, Inc. ("SeaRiver"), the owner and operator of the barges M 405 and M 407. The M/T St. Helen, Brave Shipping, and Thenamaris collectively stated a claim for $1,200,000, and also crossclaimed against SeaRiver. SeaRiver valued its claim at $1,000,000, and crossclaimed against Brave Shipping, Thenamaris, and the M/T St. Helen. Finally, petitioners David & Colleen and Taira Lynn counterclaimed against Brave Shipping & Thenamaris for contribution and/or indemnity for all damages they may incur.

On November 16, 2004, SeaRiver requested that the Court compel both Taira Lynn and David & Colleen to arbitrate SeaRiver's claims. The Court granted the request in July 2005, but only as to Taira Lynn, pursuant to a Time Charter between Taira Lynn and SeaRiver. Arbitration proceeded before an experienced maritime law practitioner, and an award issued on April 21, 2006. Mot. Partial Summ. J., Ex. A ("Award"). The

award states that the scope of arbitration was limited "to the quantum of damages between Claimant and respondent," and that the proportionate fault of the vessels involved in the collision was not considered.  Award at 2.  As to the quantum of damages, the arbitrator found that SeaRiver's recoverable damages were $525,000, and awarded pre- and post-judgment interest at a rate of 4.91%.

Although the award of damages was significantly lower than the amount that SeaRiver had claimed ($788,221.78), SeaRiver filed an unopposed motion to confirm the award in this Court, which was granted in May 2006.  SeaRiver also moved for entry of final judgment against Taira Lynn, which the Court granted in July 2006.  Taira Lynn appealed the Court's ruling that it was not actually the owner *pro hoc vice* of the D&C, and therefore could not limit its liability.  In a per curiam opinion issued on July 23, 2007, the Fifth Circuit affirmed this Court's ruling and entry of final judgment against Taira Lynn.

Petitioner David & Colleen and claimants Brave Shipping and Thenamaris (for the purposes of this Memorandum and Order, "Movants") now move for partial summary judgment against SeaRiver.  Movants argue that SeaRiver is collaterally estopped from presenting evidence regarding the amount of its damages at trial, since the issue of damages was determined at arbitration.  SeaRiver moves to strike the partial summary judgment motion, and to exclude the testimony of David & Colleen's and Taira Lynn's expert Stefan Wozniak.

## II.  ANALYSIS

### A.  Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  FED. R. CIV. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id*.

### B.  Motion for Partial Summary Judgment and Motion to Strike

Movants David & Colleen, Brave Shipping, and Thenamaris move for partial summary judgment on the ground that the issue of SeaRiver's damages was resolved at arbitration and should not be revisited at trial.  The Court agrees that SeaRiver is collaterally estopped from seeking a redetermination of its damages.

As an initial matter, SeaRiver objects that the motion for partial judgment should be stricken.  SeaRiver argues that collateral estoppel is an affirmative defense that must be asserted in a pleading, which Movants have not done, therefore waiving the argument.  *See* FED. R. CIV. P. 8(c) (2006).  The Fifth Circuit has found in a number of cases, however, that an affirmative defense need not been waived as long as it is raised at a

4

"pragmatically sufficient" time, and the opposing party is not prejudiced.  *See, e.g.*, *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001); *United States v. Shanbaum*, 10 F.3d 305, 312 (5th Cir. 1994); *Lucas v. United States*, 807 F.2d 414, 417-18 (5th Cir. 1986).

The Court finds that Movants have raised the issue of collateral estoppel at a pragmatically sufficient time.  SeaRiver did not move to compel arbitration until November 2004, well after Movants had answered SeaRiver's claims against them.[1]  The arbitration award issued in April 2006, and was confirmed in this Court at SeaRiver's request in May 2006.  Movants filed the instant summary judgment motion in January 2007.  Furthermore, the question of the preclusive effect of the arbitration does not raise previously unknown or unfairly surprising factual or legal issues with which SeaRiver must contend, given that SeaRiver was a participant in the arbitration; the arbitration was directly related to the instant case; and the award was recently issued and limited to a single issue.  The Court does not detect any prejudice to SeaRiver from the manner in which Movants have presented their collateral estoppel argument.  Therefore, the motion to strike is denied.

Proceeding to the merits, the Fifth Circuit has written that "[t]he application of collateral estoppel from arbitral findings is a matter within the broad discretion of the district court . . .".  *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1137 (5th Cir. 1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)).  Under the approach advocated by *J-Chem*, which is the most relevant appellate precedent,[2] courts

---

[1] Brave Shipping and Thenamaris answered SeaRiver's claim against them in May 2004.  Docket Nos. 13-14.  David & Colleen answered SeaRiver's claim on June 22, 2004.  Docket No. 19.
[2] The Court disagrees with SeaRiver's suggestion that the *J-Chem* is inapplicable because it involved different underlying claims and issues.  Resp. 10 n.22.

must "carefully consider whether procedural differences between arbitration and the district court proceeding might prejudice the party challenging the use of offensive collateral estoppel. The district court specifically must determine whether procedural opportunities available to the party in the subsequent action 'might be likely to cause a different result.'" *Id.* at 1137-38 (quoting *Parklane*, 439 U.S. at 332).

No evidence has been introduced suggesting any procedural opportunities absent from the arbitration and present at trial that "might be likely to cause a different result." SeaRiver points to only one aspect of the arbitration as being potentially questionable – the testimony of Taira Lynn's expert, Stefan Wozniak, which SeaRiver describes in its response as "unreliable and unqualified." Resp. 12. However, SeaRiver does not explain the precise nature of Wozniak's allegedly unreliable testimony at the arbitration, indicate any previous objections to Wozniak's qualifications, establish that he would not present the same testimony at trial, or offer any evidence (besides conclusory statements) that a different result might likely obtain without his testimony.[3] The arbitration was conducted over a period of several months before an experienced maritime practitioner, under the auspices of the Houston Maritime Arbitrators Association. SeaRiver had the opportunity to present its evidence at four hearings, and submitted post-hearing briefing. Furthermore, SeaRiver actively sought the arbitration, and quickly moved for confirmation of the award and entry of final judgment against Taira Lynn based

---

[3] SeaRiver has contemporaneously filed a motion to exclude Wozniak's testimony at trial, writing that "SeaRiver is confident that upon the Court's consideration of its *Daubert* motion, Mr. Wozniak will not be permitted to render his unreliable and unqualified testimony at trial, and SeaRiver's damages will be assessed at a much higher level." Resp. 12. In the Court's view, however, the possibility that the Court *might* rule in SeaRiver's favor on a pre-trial evidentiary motion does not constitute a "procedural opportunity" available at trial and rendering the prior arbitration procedurally inadequate.

6

thereupon. The Court finds that the arbitration was procedurally adequate and may have a preclusive effect on subsequent proceedings.

The *J-Chem* Court articulated the elements of offensive collateral estoppel[4] as follows: 1) the issue under consideration must be identical to the issue previously litigated; 2) the issue was fully and vigorously litigated in the primary proceeding; 3) the previous determination of the issue was necessary for the judgment in that proceeding; and 4) no special circumstances exist that would render preclusion inappropriate or unfair. *J-Chem*, 946 F.2d at 1136. The arbitration between Taira Lynn and SeaRiver fulfills all four of these elements.

First, the issue under consideration (the amount of SeaRiver's damages) is identical to the only issue addressed and resolved in the arbitration. More specifically, each category of damages claimed by SeaRiver in the instant litigation was presented to the arbitrator. *Compare* Docket Nos. 4, 6 (SeaRiver's claims against David & Colleen, Taira Lynn, Brave Shipping, and Thenamaris), *with* Mot. Partial Summ. J., Ex. B (SeaRiver's statement of damages at arbitration). SeaRiver argues that there is no identity of issues for two reasons: it sought damages at arbitration under breach of contract, not tort (which it must invoke at trial against Movants), and it made a claim for attorneys' fees, which it cannot do in the present litigation. SeaRiver's contentions fail. The award specifically excluded attorney's fees from SeaRiver's recoverable expenses. Award at 2. Additionally, it is not apparent to the Court that the quantum of SeaRiver's damages would change depending on whether they are claimed under breach of contract

---

[4] For the purposes of the instant litigation, the differences between defensive and offensive collateral estoppel are irrelevant.

7

or tort – nor has SeaRiver explained the relevance of this distinction. The Court finds that the first element of collateral estoppel is satisfied.

Second, the issue of SeaRiver's damages was fully and vigorously argued at arbitration, which spanned four months and encompassed four evidentiary hearings and post-hearing briefing. The award notes that both parties confirmed, after the submission of evidence, that they had no further evidence to offer. *Id.* SeaRiver contends that this prong was not satisfied because "there must have been improper use or consideration of evidence by the Arbitrator," referring to Wozniak's expert testimony. The Court has already ruled that this testimony raises no bona fide question of procedural adequacy; further, it is unclear that the propriety of Wozniak's testimony is even relevant to the "fully and vigorously argued" prong. The entire arbitration focused on the issue of SeaRiver's damages, and no evidence has been introduced to show that either party inadequately pressed their case. Therefore, this prong is satisfied.

SeaRiver does not contest the third element, that determination of SeaRiver's damages was necessary for the issuance of the arbitration award. As to the fourth element, however, SeaRiver argues that special circumstances militate against giving the arbitration preclusive effect: Movants' failure to join in the arbitration, and the "unreasoned" nature of the arbitration award. SeaRiver asserts that Movants have taken a "wait and see" approach, resisting participation in the arbitration to await the outcome, then using the award to prevent SeaRiver from pursuing further relief. As a matter of law, Movants' motives are irrelevant to the application of the collateral estoppel doctrine.[5] As a matter of equity, it appears more likely to the Court that SeaRiver is the

---

[5] Furthermore, SeaRiver has not argued that Movants' participation in the arbitration would have changed the outcome.

8

party seeking procedural advantage.  After tenaciously pursuing arbitration and securing a minimum quantum of damages (by moving for confirmation of the arbitral award and entry of final judgment), SeaRiver essentially seeks another chance to recoup its total claimed damages.  In short, the Court is unpersuaded by SeaRiver's characterization of Movants' alleged motives, and does not find that they constitute special circumstances.  The Court also disagrees with the contention that the arbitral award is prohibitively vague or "unreasoned."   Only the total amount of SeaRiver's damages is at issue, not any particular category thereof;[6] therefore, the arbitrator's precise reasoning in arriving at the final sum is irrelevant.  The Court finds that there are no special circumstances that would render the application of collateral estoppel unfair.

The remainder of SeaRiver's arguments are unavailing.  SeaRiver devotes much of its Response to the supposed "dilatory" tactics being employed by Movants, but the Court has already determined that Movants' motives are irrelevant, and that SeaRiver's contentions are questionable at best.  SeaRiver also asserts that collateral estoppel is inapplicable because SeaRiver did not "lose" at arbitration.  It is apparent, of course, that SeaRiver did not receive its total claimed damages at arbitration; in any case, the elements of collateral estoppel as articulated in *J-Chem* do not require either party to have won or lost.  Finally, SeaRiver argues that it would be an abuse of discretion to apply estoppel in this case, given the maritime principle that a party receive complete compensation for its losses in a collision case.  SeaRiver does not cite any authority, however, for the unusual proposition that simply because it was not awarded everything it sought at arbitration, it automatically should be afforded the opportunity to pursue the

---

[6] The award does *specifically* deny the only category of damages claimed during arbitration but not in the instant case – attorney's fees.

9

same relief again. Application of the collateral estoppel doctrine does not depend on the outcome of the primary proceeding.

For these reasons, the Court finds that Movants' motion for partial summary judgment should be granted. SeaRiver is collaterally estopped from introducing evidence or making arguments at trial relating to the amount of its damages.

### C. Motion to Exclude Testimony

SeaRiver also moves to exclude the testimony of Stefan Wozniak, who has been designated as an expert witness by Petitioners David & Colleen and Taira Lynn. In particular, SeaRiver objects that Wozniak is unqualified to testify about the damage sustained by barges M 405 and M 407 as a result of the collision, the reasonableness of SeaRiver's costs, and the extent of needed repairs. However, final judgment has already been entered for SeaRiver against Taira Lynn on the issue of SeaRiver's damages, and the Court has ruled herein that SeaRiver is collaterally estopped from seeking a redetermination of its damages against David & Colleen. Therefore, any testimony regarding SeaRiver's damages is no longer necessary, and the motion to exclude is moot.

## III. CONCLUSION

The Motion for Partial Summary Judgment filed by David & Colleen, Inc., Brave Shipping Limited, and Thenamaris (Ship's Management), Inc. is hereby **GRANTED.** The quantum of SeaRiver Maritime, Inc.'s damages arising from the collision at issue will not be addressed at trial. SeaRiver's Motion to Strike is **DENIED**, and its Motion to Exclude Testimony is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of August, 2007.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

11